UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR CAMARGO JUAREZ,<br><br>    Plaintiff<br><br>v.<br><br>ROBERT HUMASON, HUMASON II, INC., dba MCDONALD'S RESTAURANT, MILLY MORENO, AND DOES 1-10,<br><br>    Defendants | Case No.: 3:20-cv-00642-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 5) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff qualifies for IFP status; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff has filed a complaint against Humason II., Inc. dba McDonald's Restaurant, Robert Humason, owner of Humason II, Inc., and Milly Moreno, an assistant manager at McDonald's, under Title VII of the Civil Rights Act of 1964. He asserts claims for employment discrimination, harassment and retaliation. Plaintiff alleges that his supervisor and store manager, Milly Moreno, repeatedly sexually harassed him, and when he declined her advances, she retaliated against him by changing his schedule, and then refused to put him on the schedule for

which he was hired, amounting to constructive discharge. He avers that he timely filed a complaint with the EEOC, and received a right to sue letter, and timely filed this action.

Plaintiff includes sufficient facts to state colorable claims under Title VII against Humason II., Inc., dba McDonald's Restaurant.

Insofar as Plaintiff sues Robert Humason and Milly Moreno, however, Plaintiff cannot maintain his suit against them. Title VII applies to *employers* and not individual *employees*. Therefore, Plaintiff cannot maintain his Title VII suit against Milly Moreno, whom Plaintiff alleges was the supervisor and manager that sexually harassed him. *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). In *Miller*, the plaintiff sued, among others, the corporate owner and CEO of her employer, and the Ninth Circuit found that the claims against the defendants, including the chief executive and corporate owner of her employer, were not subject to liability under Title VII and upheld their dismissal by the district court. *Id.*; *see also Long v. Diamond Dolls of Nevada, LLC*, No. 3:19-cv-00652-LRH-CLB, 2020 WL 6381673, at *5 (D. Nev. Oct. 29, 2020) ("*Miller* makes clear that agents of an employer—including those in supervisory or ownership positions—are immune from suit under Title VII."). As such, Plaintiff may not sue Robert Humason under Title VII.

In sum, Plaintiff should be allowed to proceed with his Title VII claims against Humason II., Inc., dba McDonald's Restaurant, but Robert Humason and Milly Moreno should be dismissed with prejudice.

### III. RECOMMENDATION

It is recommended that the district judge enter an order as follows:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 5).

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1).

1  (3) Allowing the complaint to **PROCEED** against Humason II., Inc., dba McDonald's Restaurant, and **DISMISSING WITH PREJUDICE** Milly Moreno and Robert Humason.

(4) Directing the Clerk of Court to **ISSUE** a summons for the defendant **and deliver the same** to the U.S. Marshal for service. Directing the Clerk to **SEND** sufficient copies of the complaint and this order to the U.S. Marshal for service on the defendant. Directing the Clerk to **SEND** to Plaintiff a USM-285 form. Plaintiff should be given **30 days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information for the defendant on the form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the court indicating whether the defendant was served or not. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff should be advised that a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

(5) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 and Local Rule 26-3 that is supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(6) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the

document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

**IT IS SO ORDERED**.

Dated: August 4, 2021

*William G. Cobb*
William G. Cobb
United States Magistrate Judge